Rebecca A. Caley (CA Bar No. 131997)
**CALEY & ASSOCIATES**
A Professional Corporation
265 S. Randolph Avenue, Suite 270
Brea, California 92821-5777
(714) 529-1400 Telephone
(714) 529-1515 Facsimile
rcaley@caleylaw.com
6600-485

Attorneys for Plaintiff,
Mercedes-Benz Financial Services

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

Santa Rosa Division

| | |
|---|---|
| In re<br><br>Dean Gregory Asimos,<br><br>            Debtor.<br>_____<br><br>Mercedes-Benz Financial Services USA LLC, fka DCFS USA LLC,<br><br>            Plaintiff,<br><br>v.<br><br>Dean Gregory Asimos,<br><br>            Defendant.<br>_____ | Case No. 11-13214-AJ 7<br><br>Chapter 7<br><br>Adv. Case No. _____<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT [11 U.S.C. §§ 523(a)(6) and 523(a)(2)(B)]<br><br><br><br>DATE:<br>TIME:<br>CTRM:<br>    [To be set by the Court] |

    Plaintiff Mercedes-Benz Financial Services USA LLC, fka DCFS USA LLC ("Plaintiff"), alleges as follows:

**JURISDICTION**

    1.    This adversary proceeding is brought pursuant to 11 U.S.C. section 523 involving exceptions to discharge.

Sctry/6600/485/bk/complaint

1

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. sections 1334 and 157 in that this action arises in and relates to the above-entitled Chapter 7 case pending before the United States Bankruptcy Court, Central District of California. This proceeding is a core proceeding under 28 U.S.C. 157(b)(2)(I).

## GENERAL ALLEGATIONS

3. At all relevant times, plaintiff Mercedes-Benz Financial Services USA LLC, fka DCFS USA LLC was and is a limited liability company organized and existing under the laws of the State of Delaware, and qualified to conduct business in the State of California.

4. At all relevant times herein, defendant Dean Gregory Asimos ("Defendant") was and is, an individual residing in Burlingame, California, who filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on August 29, 2011.

5. On or about October 10, 2013, the Chapter 13 case was converted to a Chapter 7 proceeding and Timothy W. Hoffman was appointed the trustee in the converted Chapter 7 bankruptcy case.

6. Prior to the bankruptcy filing, the Defendant, on or about January 15, 2009, for valuable consideration, made, executed and delivered to Plaintiff, a written Promissory Note and Security Agreement ("Note") for the purchase of certain personal property described as a 2006 Mercedes-Benz S430V motor vehicle, Serial No. WDBNG70J66A465211 (the "Vehicle"). Pursuant to the Note, the Defendant agreed to pay for the purchase of the Vehicle, the total sum of $54,023.40, in 60 equal monthly payments in the sum of $900.39 each beginning on February 15, 2009, until paid in full. A true and correct copy of the Note is attached hereto marked as **Exhibit "1"** and incorporated herein by this reference.

7. Plaintiff perfected its lienholder interest in the Vehicle by obtaining a Certificate of Title from the California Department of Motor Vehicles. A true and

correct copy of the title is attached hereto marked as **Exhibit "2"** and incorporated herein by this reference.

8. Beginning on November 15, 2009, the Defendant defaulted under the terms of the Note by failing to make the required monthly payments.

9. On November 21, 2013, special appearing counsel on behalf of Plaintiff appeared at the Defendant's first meeting of creditors in the converted Chapter 7 case. At that time, the Defendant, after taking an oath, stated that he had possession of the Vehicle and that he intended to reaffirm the debt owed to Plaintiff, which he has failed to do. The Defendant further listed the Vehicle in his Schedule B of personal property filed with this Court.

10. Due to Defendant's payment default, Plaintiff's counsel filed a motion for relief from automatic stay in the converted Chapter 7 case on December 11, 2013. The motion was granted without opposition and on January 13, 2014, an Order on Motion for Relief from Stay was entered in the records of this Court. Plaintiff respectfully requests that this Court take judicial notice of said order, a true copy of which is attached hereto marked as **Exhibit "3"** and incorporated herein by this reference.

11. After the granting of Plaintiff's motion for relief from stay and prior to filing the within action, Plaintiff sent a letter on January 10, 2014, to Defendant's counsel demanding the return of the Vehicle. However, the Vehicle was never returned.

## FIRST CLAIM FOR RELIEF
### [11 U.S.C. Section 523(a)(6)]

12. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 11, inclusive and incorporates said paragraphs by reference as though set forth in full herein.

13. Plaintiff is informed and believes that the Defendant has control, possession or knowledge of the location of the Vehicle based on Defendant's testimony at his creditors' meeting and his schedules filed with this Court. Prior to filing the within action and after the granting of Plaintiff's motion for relief from stay, Plaintiff's

Sctry/6600/485/bk/complaint                         3
Case: 14-01017    Doc# 1    Filed: 01/21/14    Entered: 01/21/14 16:14:39    Page 3 of 6

counsel made written demand for the return of the Vehicle on January 10, 2014, but Plaintiff's counsel received no response to said demand prior to the filing of this complaint. Plaintiff is further informed and believes that the Defendant converted the Vehicle for his own use by refusing to return the Vehicle, transferring the Vehicle to third parties without Plaintiff's knowledge or consent and making it unavailable for recovery, thereby willfully and maliciously causing injury to property of Plaintiff which warrants the award of exemplary and punitive damages.

14. The terms of the Note provides that in the event of enforcement of the Note, Defendant agreed to pay any attorneys' fees and costs incurred by Plaintiff. Plaintiff has retained the firm of Caley & Associates to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred in this action.

15. Due to Defendant's actions, the debt owed by Defendant to Plaintiff in the sum of not less than $47,164.49, plus accruing interest and late charges from December 14, 2013, plus attorneys' fees and costs are nondischargeable under 11 U.S.C. section 523(a)(6).

## SECOND CLAIM FOR RELIEF
### [11 U.S.C. Section 523(a)(2)(B)]

16. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 15, inclusive and incorporates said paragraphs by reference as though set forth in full herein.

17. On or about January 15, 2009, in order to induce Plaintiff to extend credit to Defendant, Defendant submitted to Plaintiff, a Personal Information Update setting forth Defendant's address and employment. The Update submitted by Defendant was materially false, at least in the following respects: Defendant's income differs significantly when compared with his schedules filed with this court. Defendant's Update shows employment as a real estate broker for 14 years earning a monthly household income of $12,500, for a total annual income of $150,000. However, according to Defendant's initial statement of financial affairs filed with his Chapter 13

petition on August 29, 2011, the Defendant's annual income from business was $51,153 in 2009 and $47,021, in 2008, as divorced with no dependents according to his Schedule I of current income. On January 20, 2012, the Defendant filed his first amended statement of financial affairs with this court which lists annual income of $115,900, in 2009. On December 3, 2013, the Defendant filed his second amended statement of financial affairs with this court which again lists annual income of $115,900, in 2009.

18. Plaintiff relied upon the information provided by Defendant in his Update in extending credit to Defendant, and credit would not have been extended but for the Update submitted by Defendant. Defendant, in doing the above-acts, incurred the debt with the intent not to repay it.

19. Based on the Update submitted by Defendant, for which Plaintiff is informed and believes contained false information as set forth herein, Plaintiff has been damaged in the sum of at least $47,164.49, plus accruing interest and late charges from December 14, 2013, pursuant to the terms of the Note, plus attorneys' fees and court costs.

20. The terms of the Note provided that in the event of enforcement of the Note, Defendant agreed to pay attorneys' fees and costs incurred by Plaintiff. Plaintiff has retained the law firm of Caley & Associates, licensed and practicing attorneys in the State of California, to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred in this action.

21. Due to Defendant's actions, the debt owed by Defendant to Plaintiff in the sum of at least $47,164.49, plus accruing interest and late charges from December 14, 2013, plus attorneys' fees and costs are nondischargeable under 11 U.S.C. section 523(a)(2)(B).

WHEREFORE, Plaintiff prays for judgment as follows:

### ON ALL CLAIMS FOR RELIEF

1. For a determination that the sum of $47,164.49, plus accruing interest and late charges from and after December 14, 2013, plus attorneys' fees and costs are

nondischargeable in this bankruptcy proceeding pursuant to 11 U.S.C. sections 523(a)(6) and 523(a)(2)(B);

    2. For damages in the sum of $47,164.49, plus accruing interest and late charges from and after December 14, 2013;

    3. For reasonable attorneys' fees and costs incurred by Plaintiff;

    4. For exemplary and punitive damages; and

    5. For such other and further relief as the Court deems just and proper.

Dated: January 21, 2014

CALEY & ASSOCIATES
A Professional Corporation

By: /s/ Rebecca A. Caley
Rebecca A. Caley
Attorneys for Plaintiff,
Mercedes-Benz Financial Services
USA LLC, fka DCFS USA LLC