| | |
|---|---|
| SCOTT J. SAGARIA (BAR # 217981)<br>JOE ANGELO (BAR # 268542)<br>SAGARIA LAW, P.C.<br>333 West San Carlos Street, Suite 620<br>San Jose, CA 95110<br>408-279-2288 ph<br>408-279-2299 fax<br><br>Attorney for Debtor/Defendant | |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – DIVISION 1

| | |
|---|---|
| In Re:<br><br>**DEAN ASIMOS,**<br><br>　　　　Debtor.<br><br>―――――――――――――<br><br>Mercedes-Benz Financial Services USA LLC, fka DCFS USA LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Dean Asimos,<br><br>　　　　Defendant | Case No.: 11-13214-AJ<br><br>Adv. No. 14-01017-AJ<br><br>Chapter 7<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**<br><br><br><br>Date:　　　May 23, 2014<br>Time:　　　10:00am<br>Judge:　　　Hon. Judge Jaroslovsky<br>Location:　　99 South "E" Street<br>　　　　　　Santa Rosa, CA 95404 |

//

//

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT -1-

# MEMORANDUM OF POINTS AND AUTHORITIES

The instant adversary proceeding was filed on January 21, 2014, by plaintiff Mercedes-Benz Financial Services USA LLC f/k/a DCFS USA LLC (hereinafter "Plaintiff") against defendant Dean Gregory Asimos (hereinafter "Defendant"). Pursuant to the Certificate of Service, the Defendant was served with the Complaint via United States Mail at his residence on January 31, 2014. Pursuant to the Summons issued January 30, 2014, the Defendant was to respond to Plaintiff's Complaint on or before thirty (30) days from the date of service.

Rule 55(c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7055, states that:

> "The Court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."

Bankruptcy Rule 9013 provides that:

> "A request for an order … shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Every written motion other than one which may be considered ex parte shall be served by the moving party on … the entities the court directs."

On November 22, 2011, Plaintiff filed a similar adversary complaint (case number 11-01291) against Defendant which was associated with Defendant's prior Chapter 13 bankruptcy case (case number 11-13214-AJ). The former adversary complaint was dismissed upon stipulation of the parties on March 25, 2012.

In the present case, Defendant has not yet filed a responsive pleading to the Complaint due to his confusion and misunderstanding. Pro Se Defendant was of the belief that because the former adversary case was dismissed with prejudice he did not need to file a responsive pleading in the present adversary case. Further, Defendant believed that the repossession of

the vehicle that is the subject of the instant adversary proceeding resolved any outstanding issues regarding his account with Plaintiff.

In evaluating whether a party has demonstrated good cause, a district court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff. *TCI Group Life Ins. v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Default judgments are "ordinarily disfavored" because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Thus, whenever "timely relief is sought . . . and the movant has a meritorious defense," a court must resolve any doubt in favor of setting aside the default. *Mendoza*, 783 F.2d at 945-46. The party seeking to vacate the entry of default bears the burden of demonstrating that these factors favor doing so. *TCI Group Life*, 244 F.3d at 696.

Here, Defendant's lack of filing of a responsive pleading was not done to defraud, delay, or hinder the pending adversary proceedings. His delay in filing the instant motion to set aside was not deliberate or malicious nor did it prejudice any party to the action. Given that the former adversary case was dismissed upon stipulation, it is likely Defendant has a meritorious defense to Plaintiff's allegations.

For the reasons stated in this Memorandum of Points and Authorities and in the attached Declaration, Defendant respectfully requests this Honorable Court set aside the default taken against Defendant and allow him to file his responsive pleading.

**SAGARIA LAW, P.C.**

Dated: April 14, 2014  By:  __/s/ Joe Angelo_____
                           Joe Angelo
                           Attorney for Debtor/Defendant