SCOTT J. SAGARIA (BAR # 217981)
JOE ANGELO (BAR # 268542)
SAGARIA LAW, P.C.
2033 Gateway Pl., 5th Floor
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorney for Debtor/Defendant

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – DIVISION 1

| | |
|---|---|
| In Re:<br><br>**DEAN ASIMOS,**<br><br>Debtor.<br><br><br>Mercedes-Benz Financial Services USA LLC, fka DCFS USA LLC**,**<br><br>Plaintiff,<br>v.<br><br>Dean Asimos**,**<br><br>Defendant | Case No.: 11-13214-AJ<br><br>Adv. No. 14-01017-AJ<br><br>Chapter 7<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S MOTION TO DISMISS COMPLAINT**<br><br>Date:     August 22, 2014<br>Time:    9:0am<br>Judge:   Hon. Judge Jaroslovsky<br>Location: 99 South "E" Street<br>                Santa Rosa, CA 95404 |

## I.     Introduction

Dean Asimos (hereinafter "Defendant"), by and through his attorneys of record, Sagaria Law, P.C., seek dismissal of Mercedes-Benz Financial Services USA LLC, fka DCFS USA LLC's (hereinafter "Plaintiff") Complaint (hereinafter "Complaint"). In the Complaint, Plaintiff seeks to except from discharge a debt that was owed by Defendant to Plaintiff related to a vehicle loan taken against Defendant's 2006 Mercedes-Benz (hereinafter "the Vehicle"). Plaintiff alleges that Defendant made certain representations regarding his income on the

financial statement he filled out in connecting with financing the Vehicle that were false. Plaintiff also alleges that Defendant is denying Plaintiff from recovering the Vehicle.

Plaintiff's Complaint should be dismissed because Plaintiff fails to state a claim upon which relief can be granted. The Complaint does not allow the Court to infer more than a mere speculative possibility of fraud. That speculation falls far short of the required standards.

## II. General Background

Defendant filed a voluntary chapter 13 petition in the United States Bankruptcy Court for the Northern District of California on August 29, 2011. Defendant subsequently elected to convert his case to one under Chapter 7 on October 9, 2013, with the Court entering the conversion order on October 10, 2013. Plaintiff filed this instant adversary proceeding on January 21, 2014, seeking to exclude the debt from a discharge under 11 U.S.C. § 523(a)(2)(B) and 11 U.S.C. § 523(a)(6).

Plaintiff's Complaint does not allege any facts to support relief requested. No facts are alleged that meet the statutory requirements for the causes of action listed in the Complaint and Plaintiff is essentially trying to rely on legal conclusion in support the allegations listed in the Complaint.

## III. Argument

**A. A Complaint Must Allege Facts Suggestive of Wrongful Conduct**

    **a. The 523 Cause of Action**

Under Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012, the court must dismiss a complaint if it fails to state a claim upon which relief may be granted. A complaint must give faire notice of the claim being asserted and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In addition to providing fair notice, the plaintiff must allege "enough facts to state a claim to relief." Id. At 570. Allegations amounting to a mere possibility the defendant has acted unlawfully fall short of the pleading standards required by Rule 12(b)(6). Ashcroft v. Iqbal, 129 S. Ct 1937, 1949 (2009). Nor are "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" sufficient to survive a motion to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S MOTION TO DISMISS -2-
Case: 14-01017     Doc# 18-1     Filed: 07/11/14     Entered: 07/11/14 14:19:25     Page 2 of 6

dismiss. Twombly, 550 U.S. at 555. Finally, the allegations must be plausible: the plaintiff must allege facts that "raise a right to relief above the speculative level." Id.

Although the court, in deciding whether the plaintiff has stated a claim, must take the plaintiff's allegations as true and draw all reasonable inferences in the plaintiff's favor, the court is not required to accept "merely conclusory" allegations, "unwarranted deductions of fact, or unreasonable inferences" as true. St. Claire v. Gilead Sciences, Inc., 536 F. 3d 1049, 1055 (9th Cir. 2008); see also Iqbal, 129 S. Ct. at 1949-50.

The Complaint in the instant case does little more than allege Defendant willfully and maliciously damaged Plaintiff's property and obtained credit through the use of a false financial statement.

### 1. 523(a)(2)(B)

In addressing the 11 U.S.C. §523(a)(2)(B) cause of action, a creditor, according to Candland v. Ins. Co. of N. Am. (In re Candland), 90 F. 3d 1446 (9th Cir. 1996), must show that a Debtor made a statement in writing that was "(1) a representation of fact by the debtor, (2) that was material, (3) that the debtor knew at the time to be false, (4) that the debtor made with the intention of deceiving the creditor, (5) upon which the creditor relied, (6) that the creditor's reliance was reasonable, and (7) that damage proximately resulted from the representation. In re Candland, 90 F. 3d 1446, 1469.

Plaintiff does little to meet the above elements. The exhibits attached to the Complaint are copies of the Promissory Note and Security Agreement (Exhibit 1) and Certificate of Title (Exhibit 2). There is no exhibit for the Personal Information Update that Plaintiff allegedly relied upon prior to extending credit to Defendant. None of the attached exhibits make any reference to any representation by Debtor about his salary or annual income. The only thing that Debtor appears to have filled out is his signature on the final page of Exhibit 1. There is nothing else in the attached exhibits that indicate that Defendant completed or generated any written financial statement referencing his income.

Beyond not providing a copy of the Personal Information Update, there is no sufficient explanation or allegation of how the alleged Personal Information Update was transmitted to Plaintiff (if at all) or who reviewed the document. There is nothing alleged in the Complaint that would give Defendant fair notice of the allegation and allow him to adequately respond and understand what document Plaintiff apparently relied upon.

In short, the Complaint is wholly devoid of any factual allegations that would allow more than a speculation of fraud. As stated in Iqbal, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, at 1937.

### 2. 523(a)(6)

Plaintiff also fails to allege any facts that support the claim that Defendant willfully and maliciously damaged Plaintiff's property. Plaintiff's Complaint contains, at best, one paragraph that alleges Defendant did not return the vehicle after the conversion of the case[1]. Plaintiff does not allege what type of damage allegedly occurred to the Vehicle or how Plaintif was otherwise harmed. Prior to the conversion to chapter 7 Plaintiff was being paid through Debtor's Confirmed Chapter 13 plan and was receiving monthly disbursements from the chapter 13 trustee.

Plaintiff fails to specifically describe what behavior Defendant allegedly engaged in regarding the vehicle. Defendant is unable to understand or determine what behavior Plaitniff is referring to and is unable to defend against the allegations due to the lack of any information or description of what behavior is believed to have taken place. No specific instances are mentioned nor is there any reference to any particular action Defendant may have taken. The action, at best, are "merely conclusory" and it would be nearly impossible for the Court to draw any factual inferences from the Complaint that would state a claim upon which relief can be granted. As stated in Iqbal, "recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice" without further factual details. Twombly requires fact pleading and must also raise Plaintiff's "right to relief above a speculative level." Twombly,550 U.S. at 555.

---

[1] /The 2006 Mercedes-Benz S430 was returned to Plaintiff shortly after the filing of this adversary proceeding.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S MOTION TO DISMISS -4-
Case: 14-01017    Doc# 18-1    Filed: 07/11/14    Entered: 07/11/14 14:19:25    Page 4 of 6

## B. Plaintiff's Amended Complaint Fails to Meet the Heightened Fraud Requirements of FRCP 9(b) Showing that the Debt was Incurred by Fraud

In addition to the pleading requirements under Twombly and Iqbal, there is a heightened pleading standard for fraud outlined in the FRCP 9(b), which states "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FRCP 9(b) is made applicable to bankruptcy proceedings through Bankruptcy Rule 7009, Pleading Special Matters.

In order to withstand a motion to dismiss, a complaint alleging fraud must, at a bare minimum, state "the identify of the person making the representation, the time, place, and contact of the misrepresentation, and the method by which the misrepresentation was communicated to the Plaintiff." Bankers Trust Co. v. Old Republic Insurance Co., 959 F.2d 677, 683 (7th Cir. 1992). "Rule 9(b) demands that the circumstances constituting the alleged fraud be 'specific enough to give defendants notice of the particular misconduct…so that they can defend against the charge and not just deny that they have done nothing wrong.'" Kearns v. Ford Motor Co., 567 F. 3d 1120, 1124 (9th Cir. 2001)(quoting Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993)). Further, "averments of fraud must be accompanied by 'the who, what, when, where and how' of the misconduct charged." Kerns, at 1224 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

This requirement applies equally to all claims which are based on an underlying fraud, including all aspects of §523(a)(2)(A) (false pretenses, false representations, and actual fraud). In re Lane, 937 F.2d 694, 698-700 (1st Cir. 1991); In re Halversen, 330 B.R. 291, 300-301.

In the Complaint, Plaintiff's allegations do not satisfy the heightened pleading requirement of Rule 9(b). Plaintiff's Complaint relies primarily on bare legal conclusions rather than factual allegations. Plaintiff alleges that "…Defendant submitted to Plaintiff, a Personal Information Update setting forth Defendant's address and employment." (Page 4, Paragraph 17 of the Complaint). Plaintiff also alleges this document was relied upon in extending credit to Defendant, although it is not clear from the allegations whether the document was actually an "update" or something else. Regardless, Defendant made payments

on the loan despite Plaintiff's allegations that Defendant did not intend to do so. <u>Kerns</u> makes it clear that if fraud is going to be alleged, it needs to be done so in a clear and particular fashion. The Complaint fails to meet that requirement.

### 3.  Conclusion

For the reasons present above, the Complaint should be dismissed.

Respectfully submitted,

Dated:  July 11, 2014  */s/ Joe Angelo*
Joe Angelo
Attorney for Debtor/Defendant